# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JAMIE W. TURNER, WIFE OF/AND
RICKY RAY TURNER, ON BEHALF
OF THEIR MINOR CHILD, LILITH
MAY TURNER

VERSUS

WOMAN'S HOSPITAL FOUNDATION,
D/B/A WOMAN'S HOSPITAL, ET
AL

NO.  2026 CW 0044

FEBRUARY 19, 2026

---

In Re:   The Louisiana Patient's Compensation Fund and The
         Louisiana Patient's Compensation Fund Oversight Board,
         through the Nominal Defendant, Woman's Hospital,
         applying for supervisory writs, 19th Judicial District
         Court, Parish of East Baton Rouge, No. 657352.

---

BEFORE:   THERIOT, LANIER, STROMBERG, BALFOUR, AND HAGGERTY,[1] JJ.

**WRIT DENIED.**

WIL
TPS
KEB


**Theriot and Haggerty, JJ.**, dissent and would grant the writ
and reverse the district court's judgment which granted the motion
in limine filed by plaintiffs limiting the testimony of the medical
review panel members to only the medical review panel opinion.
Either party shall have the right to call, at his cost, any member
of the medical review panel as a witness. La. R.S. 40:1231.8(H).
This statute does not place limitations on the scope of such
testimony. In fact, panelists may change their individual opinions
after the panel's written expert opinion has been rendered and
testify to their changed opinion at trial, so long as the panel's
initial opinion is also presented for consideration. **Galloway v.
Baton Rouge General Hospital**, 602 So.2d 1003, 1006-07 (La. 1992).
The purpose of an expert report as contemplated by La. Code Civ.
P. art. 1425 is to provide the opposing party with advance notice
of the expert's opinions and the basis and reasons therefore and
the data or other information considered by the witness in forming
the opinions.  All parties herein were aware that any party could
call a panel member as a witness, and it does not appear that the
Louisiana Patient's Compensation Fund retained a panel member as
its expert, and accordingly, all parties had access to the panel
members.  See **Moonan v. Louisiana Med. Mut. Ins. Co.**, 2016-113
(La. App. 5th Cir. 9/22/16), 202 So.3d 529, writ denied, 2016-2048
(La. 1/9/17), 214 So.3d 869.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
     FOR THE COURT

---

[1] **Haggerty, J.**, serving *pro tempore*, by special appointment of the Louisiana
Supreme Court.